Jin v. Holder

BIA
Bain, IJ
A089 266 763

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand thirteen.

PRESENT:
       ROBERT A. KATZMANN,
       DEBRA ANN LIVINGSTON,
       RAYMOND J. LOHIER, JR.,
          *Circuit Judges*.

_____

HUA JIN,
      *Petitioner*,

      v.                   11-5132
                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Rachel Browning, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hua Jin, a native and citizen of the People's Republic of China, seeks review of a November 16, 2011, decision of the BIA affirming the June 1, 2010, decision of Immigration Judge ("IJ") Quynh Bain, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Jin*, No. A089 266 763 (B.I.A. Nov. 16, 2011), *aff'g* No. A089 266 763 (Immig. Ct. N.Y. City June 1, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam)(internal quotation marks omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Jin's, governed by the amendments made to the Immigration and Nationality Act by

2

the REAL ID Act of 2005, "[i]t is well settled that, in assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently plausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) (per curiam); *accord* 8 U.S.C. § 1158(b)(1)(B)(iii). This Court defers to an IJ's credibility determination unless "it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The agency found several aspects of Jin's testimony to be implausible, including her testimony that she decided to have a second child because her financial situation had improved, despite other testimony that her husband had lost his job the previous year and that his new business started slowly. Jin argues that the agency improperly speculated about her financial situation, given her testimony that she had been saving money and had received financial assistance from her family. Initially, while petitioners must raise to the BIA the specific issues they later raise in this Court, *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (per curiam), the government's contention that Jin failed to exhaust this

3

argument fails because it is subsidiary to the general argument she raised in her BIA brief, *Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005).  Nevertheless, in consideration of the totality of the circumstances, a "definite and firm conviction" cannot be formed that the implausibility findings were erroneous, given Jin's failure to compellingly explain her motivation for wanting more children.  *See Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir. 2006) (internal quotation marks and citation omitted) (applying "definite and firm conviction" standard).

Jin also contends that despite her failure to provide her passport and the receipt for the fine imposed for avoiding her required gynecological exams, she sufficiently corroborated her claim with her household registration and employment termination notice.  However, the agency reasonably determined that her failure to provide the fee receipt undermined her claim because it could have corroborated testimony that was called into question.  *See Liu v. Holder*, 575 F.3d 193, 197 (2d Cir. 2009) ("[A]n IJ, weighing the evidence to determine if the alien has met his burden, may rely on the absence of corroborating evidence adduced by an otherwise credible applicant unless such evidence cannot be reasonably obtained.").

4

Finally, Jin argues that the agency erred by failing to consider evidence favorable to her claim, such as her evidence of her alleged forced abortion. However, where, as here, the agency has given "reasoned consideration to the petition," it need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted).

As the only evidence of a threat to Jin's life or freedom depended upon her credibility, the adverse credibility determination in this case is dispositive of her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5